BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564
     Facsimile: (213) 894-2927
     E-mail:    david.lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00209-AH-2 |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION; DECLARATION OF DAVID C. LACHMAN |
| JUAN CHRISTOBAL IBARRA, | |
| Defendant. | |
| | PROPOSED ORDER FILED SEPARATELY |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David C. Lachman, hereby applies ex parte for a protective order in this case governing the use and dissemination of personal identifying information, Privacy Act information, and confidential informant information.

     This application is based upon the attached memorandum of points and authorities, the files and records in this case, the Declaration

1  of David C. Lachman, and such further evidence and argument as the
2  Court may permit.

3       Defendant Juan Christobal IBARRA ("defendant"), by and through
4  his counsel of record, Deputy Federal Public Defender Rebecca Harris,
5  does not object to a protective order generally or the ex parte
6  nature of this application.  Defendant, however, objects to certain
7  provisions of the government's proposed protective order, discussed
8  below, and requests 48 hours to file objections to this application.
9  Defendant Victor Ricardo GARZA PULIDO has not yet appeared in this
10 case.[1]

11 Dated: July 19, 2025           Respectfully submitted,

12                                BILAL A. ESSAYLI
                                  United States Attorney
13
                                  DAVID T. RYAN
14                                Assistant United States Attorney
                                  Chief, National Security Division
15

16                                  /s/
                                  _____
17                                DAVID C. LACHMAN
                                  Assistant United States Attorney
18
                                  Attorneys for Plaintiff
19                                UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27      [1] GARZA PULIDO was arrested by Santa Maria Police Department
   officers on July 6, 2025, and is currently in state custody on
28 charges of possession with intent to distribute methamphetamine and
   fentanyl.

**TABLE OF CONTENTS**

I.   INTRODUCTION.....................................................1

II.  A PROTECTIVE ORDER IS NECESSARY IN THIS CASE...................2

III. DEFENDANT'S OBJECTIONS SHOULD BE OVERRULED.....................5

     A.  The Definition of "Confidential Information" Should
         Include Any Document or Information Containing CI
         Materials or PII Materials (¶ 6(c)).......................5

     B.  The Government Should Be Allowed to Redact PII
         (¶ 6(e))..................................................6

     C.  Witnesses Should Review CI Materials in the Presence
         of Defense Counsel (¶ 6(l))...............................8

     D.  Witnesses or Potential Witnesses Should Have to Agree
         "In Writing" to Be Bound by the Protective Order
         (¶ 6(l)).................................................11

     E.  At the Conclusion of Appellate and Post-Conviction
         Proceedings, Defense Counsel Should Return or Destroy
         CI Materials (¶ 6(r))....................................13

IV.  CONCLUSION....................................................15

**TABLE OF AUTHORITIES**

**CASES**                                                                    **PAGE**

Monfils v. Taylor, 165 F.3d 511 (7th Cir. 1998)....................4

Nelson v. City of Madison Heights, 845 F.3d 695 (6th Cir. 2017).....4

United States v. Alvarado, 2:25-cr-00155-JFW, Dkt. 71 (C.D. Cal.
       Mar. 14, 2022)............................................10, 15

United States v. Annas, 2:25-cr-00069-AH, Dkt. 19 (C.D. Cal.
       Mar. 27, 2025)................................................2

United States v. Bobadilla, 2:23-cr-00420-AB, Dkt. 33 (C.D. Cal.
       July 2, 2024)................................................8

United States v. Bonilla, 2:24-cr-00500-JFW, Dkts. 88, 95 (C.D.
       Cal. Sept. 2024)...........................................10

United States v. Dent, 2017 WL 1025162 (C.D. Cal. Mar. 15, 2017)....3

United States v. Doe, 705 F.3d 1134, 1150 (9th Cir. 2013)..........6

United States v. Gong, 2:24-cr-00127-JFW, Dkt. 36 (C.D. Cal. May
       8, 2024)....................................................8

United States v. Gottfried , 2:24-cr-00308-JLS, Dkt. 29 (C.D.
       Cal. Sept. 6, 2024).........................................15

United States v. Henriquez, 2:25-cr-00104-AH-1, Dkt. 54 (C. D.
       Cal. Apr. 24, 2025).......................................2, 10

United States v. Hicks, 8:20-cr-00140-VAP, Dkt. 60 (C.D. Cal.
       Sept. 14, 2021)...........................................8, 14

United States v. Hovhannisyan, 2:19-cr-00411-GW (C.D. Cal. Feb.
       28, 2020)..................................................14

United States v. Hurtado Olivares, 2:22-cr-00248-ODW, Dkt. 43
       (C.D. Cal. July 21, 2022)..................................15

United States v. Carrillo-Marquez, 2:24-cr-00449-MCS (C.D. Cal.
       Sept. 19, 2024)............................................14

United States v. Monteagudo, 2:19-cr-00690-ODW-2, Dkt. 30 (C.D.
       Cal. Feb. 12, 2020)........................................11

United States v. Ortiz, 2:22-cr-00401-MCS, Dkt. 41 (C. D. Cal.
       Dec. 5, 2022)..............................................11

United States v. Perez, 2:21-cr-00089-AB, Dkt. 52 (C.D. Cal.
       Jun. 2, 2021)...............................................8

United States v. Ramos, 2:22-cr-00354-RGK, Dkt. 158 (C.D. Cal.
    Sept. 1, 2022).................................................10

United States v. Rodriguez-Martinez, 2:22-cr-00337-SVW, Dkt. 21
    (C.D. Cal. Sept. 29, 2022)....................................10

United States v. Sanchez, 2:25-cr-00221-AH, Dkt. 28 (C.D. Cal.
    June 24, 2025)..............................................2, 7

United States v. Sexton, 2:19-cr-00781-MWF-1, Dkt. 43 (C.D. Cal.
    Jan. 15, 2020)...............................................11

United States v. Sumber, 2:24-cr-00419-WLH, Dkt. 24 (C.D. Cal.
    Aug. 12, 2024)...............................................15

United States v. Torres, 2:21-cr-00294-GW, Dkt. 47 (C.D. Cal.
    Aug. 30, 2021)...............................................15

United States v. Vo, 8:24-cr-00075-DOC, Dkt. 52 (C.D. Cal. Nov.
    6, 2024)..................................................10, 14

Will v. United States, 389 U.S. 90 (1967)..........................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Victor Ricardo GARZA PULIDO and Juan Christobal IBARRA collectively sold approximately more than four kilograms of methamphetamine to a confidential informant (the "CI") working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and an undercover ATF agent between January and July 2023.  Specifically, IBARRA sold 451 grams of methamphetamine to the CI on June 15, 2023, and 426 grams of methamphetamine to the CI on July 13, 2023.  For these crimes, defendants are charged with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

The government has produced approximately 3,745 pages of discovery to IBARRA, including law enforcement reports, criminal history reports, forensic lab reports, and toll, ping, and GPS tracker results.  The government has also disclosed to defendant that it is in possession of additional discovery, including video and audio recordings, that contain identifying information regarding the CI, as well as the personal identifying information of third parties and information covered by the Privacy Act.  The government has met and conferred with defense counsel regarding the government's Proposed Protective Order.  While defense counsel agrees that a protective order should be entered in this case, the government understands that defense counsel objects to the following portions of the Proposed Protective Order:

- The definition of "Confidential Information," which defense counsel contends should refer solely to "information contained within documents and not "any document" containing

CI Materials or PII Materials.  (Proposed Protective Order
¶ 6(c).)

- Allowing the government to redact redaction PII produced
  under the Protective Order.  (Id. ¶ 6(e).)

- Requiring defense counsel to be present whenever any CI
  Materials are being shown to a witness or potential witness.
  (Id. ¶ 6(l).)

- Requiring witnesses to agree in writing to be bound by the
  terms of the proposed protective order prior to viewing any
  protected discovery.  (Id.)

- Requiring defense counsel to return or destroy CI Materials
  within 30 days of the conclusion of appellate and post-
  conviction proceedings.  (Id. ¶ 6(r).)

As discussed below, the contested provisions are critical to the
protection of sensitive information, do not impede defendant's
ability to review discovery.  The government's Proposed Protective
Order conforms with recent protective orders entered by this Court.
See, e.g., United States v. Henriquez, 2:25-cr-00104-AH-1, Dkt. 54
(C. D. Cal. Apr. 24, 2025); United States v. Sanchez, 2:25-cr-00221-
AH, Dkt. 28 (C.D. Cal. June 24, 2025) (overruling defense
objections);  United States v. Annas, 2:25-cr-00069-AH, Dkt. 19 (C.D.
Cal. Mar. 27, 2025) (entering stipulated protective order with the
government's proposed protections).  For these reasons and those set
forth below, the Court should enter the government's Proposed
Protective Order without modification.

**II.  A PROTECTIVE ORDER IS NECESSARY IN THIS CASE**

Under Federal Rule of Criminal Procedure 16(d)(1), the Court may
"for good cause, deny, restrict, or defer discovery or inspection, or

2

grant other appropriate relief."  To determine whether a protective order is appropriate, courts may consider a variety of factors, including the "safety of witnesses and others."  Fed. R. Crim. Proc. 16 advisory committee's note to 1966 amendment; see also United States v. Dent, 2017 WL 1025162 (C.D. Cal. Mar. 15, 2017).  Indeed, Rule 16's advisory committee notes provide that "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."  Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment (citing Will v. United States, 389 U.S. 90 (1967)).

Here, a protective order is necessary because the government intends to produce to the defense materials regarding a confidential informant who participated in the government's investigation ("CI Materials").  Because these materials could be used to identify the confidential informant, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.[1]

A protective order is also necessary to permit the government to produce discovery containing PII of third parties ("PII Materials").

---

[1] This concern is not a hypothetical one.  Based on information provided by ATF Special Agent Christopher Stantzos, IBARRA has sought to identify and retaliate against the CI in this case.  See also Nelson v. City of Madison Heights, 845 F.3d 695 (6th Cir. 2017) (murder of an informant following the disclosure of her identity); Monfils v. Taylor, 165 F.3d 511 (7th Cir. 1998) (murder of an informant following the disclosure of an audio recording of the informant's voice); Ryder v. Booth, No. 16-00065 HG-KSC, 2016 WL 2745809 (D. Haw. May 11, 2016) (murder of a CI following inadvertent disclosure of his identity).

1    Unauthorized disclosure of PII places those third parties at risk of

2    various harms, including physical, financial, and reputational harm

3    through potential misuse of their information. The government

4    believes that disclosure of this information without limitation risks

5    the privacy and security of the information's legitimate owners.

6    Because the government has an ongoing obligation to protect third

7    parties' PII, the government cannot produce to defendant an

8    unredacted set of discovery containing this information without the

9    Court entering the Protective Order.

10        PII makes up a significant part of the discovery in this case

11    and such information itself, in many instances, has evidentiary

12    value.  If the government were to attempt to redact all this

13    information in strict compliance with Federal Rule of Criminal

14    Procedure 49.1, the Central District of California's Local Rules

15    regarding redaction, and the Privacy Policy of the United States

16    Judicial Conference, the defense would receive a set of discovery

17    that would be highly confusing and difficult to understand, and it

18    would be challenging for defense counsel to adequately evaluate the

19    case, provide advice to defendant, or prepare for trial.

20        Finally, an order is also necessary because the government

21    intends to produce to the defense materials that may contain

22    information within the scope of the Privacy Act, 5 U.S.C. § 552a

23    ("Privacy Act Information").  To the extent that these materials

24    contain Privacy Act Information, an order is necessary to authorize

25    disclosure pursuant to 5 U.S.C. § 552a(b)(11).

26        In sum, the purpose of the protective order is to (a) allow the

27    government to comply with its discovery obligations while protecting

28    sensitive information from unauthorized dissemination, and (b)

provide the defense with sufficient information to adequately
represent the defendant.

**III. DEFENDANT'S OBJECTIONS SHOULD BE OVERRULED**

Defendant's objections to certain provisions of the Proposed
Protective Order risk compromising the CI's safety and third-party
information contained in the discovery, and run counter to a myriad
of protective orders entered by this Court.  The objections should be
overruled, and the Proposed Protective Order should be entered
without modification.

**A.    The Definition of "Confidential Information" Should Include
Any Document or Information Containing CI Materials or PII
Materials (¶ 6(c))**

This Court should reject defendant's objection to the definition
of "Confidential Information," which proposes to narrow the
definition so that "Confidential Information" only refers to only the
CI Materials or PII Materials contained within documents and not to
the documents themselves.  Defendant's objection fails to address the
serious practical implementation issues such a definition would
create.  If defendant's proposed definition of "Confidential
Information" were adopted, and only portions of documents,
audio/video recordings, or photographs were produced under the
protective order, this risks improper disclosure of CI Materials or
PII Materials because of potential confusion about which portion of a
document (or audio/video recording or photograph) is subject to the
protective order and which is not.  For example, if a defendant or
witness was taking notes on a video with some portions subject to the
protective order and other portions not, there is a substantial risk
of inadvertent dissemination of protected information because of
confusion about which portion was which. Defendant's proposed

definition also would create serious implementation issues as to how the government will clearly designate only portions of an audio/video recording or photograph subject to the protective order, and require a time-consuming review and marking of individual documents that would not serve any substantial interest.

**B.    The Government Should Be Allowed to Redact PII (¶ 6(e))**

Defense counsel objects to paragraph 6(e) of the proposed protective order, which permits the government to redact sensitive, non-relevant PII -- like social security numbers -- even from confidential documents.  Because third parties have rights requiring PII protection, and defendant has no interest in irrelevant information, the redaction provision should remain.

While defendants are entitled to broad discovery, that discovery must be "material." See, e.g., United States v. Doe, 705 F.3d 1134, 1150 (9th Cir. 2013).  Defendants "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." Id.  Victims and third parties, meanwhile, have rights in the criminal justice system as well.  The government has an ongoing obligation to protect their privacy and PII.  See, e.g., Privacy Act of 1974, 5 U.S.C. § 552a(b) (government cannot disclose any record containing personal information unless the relevant person provides consent or a limited set of exceptions apply); 18 U.S.C. § 3771(a)(8) ("A crime victim has … [t]he right to be treated with fairness and with respect for the victim's dignity and privacy.").  To protect those rights, the government should be able to redact immaterial information such as social security numbers and dates of birth. The harms from disclosure of this information -- whether

6

intentional or merely accidental -- are significant.  Litigation typically involves large quantities of electronic and paper copies of documents, any one of which could lead to disclosure of protected data.

Meanwhile, the defense suffers no loss from redactions of such irrelevant information.  For example, a third party's social security number, absent more, is not relevant to the defense.  If the defense identifies a particular need for specified information, the parties can meet and confer on potential solutions, including the production of unredacted versions of the discovery.  But the protective order itself should allow for common-sense precautions in dealing with highly sensitive information.

The redaction provision is not frequently challenged.  When it is, however, courts in this district have repeatedly agreed that redactions are appropriate even on confidential documents.  See, e.g., Sanchez, 2:25-cr-00221-AH, Dkt. 28 (C.D. Cal. June 24, 2025) (overruling defense objections); United States v. Bobadilla, 2:23-cr-00420-AB, Dkt. 33 (C.D. Cal. July 2, 2024) (PII and Privacy Act materials); United States v. Gong, 2:24-cr-00127-JFW, Dkt. 36 (C.D. Cal. May 8, 2024) (trade secret, proprietary and PII materials); United States v. Hicks, 8:20-cr-00140-VAP, Dkt. 60 (C.D. Cal. Sept. 14, 2021) (PII materials); United States v. Perez, 2:21-cr-00089-AB, Dkt. 52 (C.D. Cal. Jun. 2, 2021) (PII materials).

The Court should reach the same conclusion here for three reasons.  First, even if a protective order would provide some protection of PII, redaction provides additional security against inadvertent disclosure or unauthorized access.  This belt-and-suspenders approach does not unduly prejudice defendant.  Should a

dispute arise about the relevance or importance of any redacted PII, defendant is always able to raise the issue with the government, and if needed, seek relief from the Court.

Second, the government does not intend to redact all the PII in this case.  The proposed protective order therefore allows the government to redact only the most sensitive PII without rendering the discovery confusing and difficult to understand.  To the extent that defendant believes the government has redacted too much, defendant can, as explained above, work with the government or move the Court to resolve any disputes on a case-by-case basis.

Third, some redactions will undoubtedly be necessary, as explained above.  To impose additional, unusual, and wholesale restrictions upon the government or preclude the government entirely from redacting non-discoverable, sensitive PII altogether is unwarranted and risks the safety of witnesses, third parties, CIs, and undercover agents, who already fear for their safety. The provision should be maintained.

## C.  Witnesses Should Review CI Materials Only in the Presence of Defense Counsel (¶ 6(l))

Defendant IBARRA objects to Paragraph 6(l) of the Proposed Protective Order, which requires defense counsel to be present when any witnesses review CI Materials.  The Court should reject defendant's objections because they would increase the risk of unauthorized dissemination of CI Materials, which could pose a serious risk to the safety of the confidential informant.

During this drug trafficking investigation, the government utilized a confidential informant who participated in multiple controlled drug transactions.  The CI Materials include identifying

8

information about the confidential informant, as well as audio and video recordings that capture the voice and appearance of the confidential informant.  There is a significant risk in this case that the defendants may seek to retaliate against the confidential informant or attempt to intimidate the confidential informant to prevent him/her from cooperating with the government's investigation and prosecution.

The Proposed Protective Order provides heightened protections for CI Materials.  These protections include: (a) defense counsel or a pre-cleared member of the Defense Team must be present when defendants or any witnesses are reviewing CI Materials; (b) at the conclusion of any meeting at which defendants or witnesses are permitted to view CI Materials, the CI Materials must be returned to the Defense Team, who shall take all such materials with him or her; (c) defendants must not take any CI Materials out of any room in which defendants are meeting with the Defense Team; and (d) CI Materials must not be left unattended in any vehicle.

Courts in this district, including this Court, routinely approve of the provision requiring defense counsel to be present when witnesses review information related to confidential informants or cooperating witnesses.  See, e.g., Henriquez, 2:25-cr-00104-AH-1, Dkt. 54 (C. D. Cal. Apr. 24, 2025) (overruling defense objections); United States v. Vo, 8:24-cr-00075-DOC, Dkt. 52 (C.D. Cal. Nov. 6, 2024); United States v. Bonilla, 2:24-cr-00500-JFW, Dkts. 88, 95 (C.D. Cal. Sept. 2024); United States v. Alvarado, 2:20-cr-00155-JFW, Dkt. 71 (C.D. Cal. Mar. 14, 2022); United States v. Ramos, 2:22-cr-00354-RGK, Dkt. 158 (C.D. Cal. Sept. 1, 2022); United States v. Rodriguez-Martinez, 2:22-cr-00337-SVW, Dkt. 21 (C.D. Cal. Sept. 29,

1   2022); <u>United States v. Hurtado Olivares</u>, 2:22-cr-00248-ODW, Dkt. 43
2   (C.D. Cal. July 21, 2022).

3          Given the serious nature of the charges and the highly sensitive
4   nature of CI Materials, the government believes that every effort
5   must be made to protect material related to the confidential
6   informant.  Consistent with this aim, the government's proposed order
7   will ensure adequate protection of CI Materials by primarily tasking
8   the defense counsel -- who, unlike other members of the defense team,
9   is an officer of the court -- with ensuring compliance with the
10  Protective Order.  As such, defense counsel has ethical duties that
11  uniquely position them to ensure that CI Materials will be adequately
12  protected.  Allowing CI Materials to be viewed by witnesses outside
13  of defense counsel's presence increases the risk of unauthorized use
14  and dissemination of the protected materials.  In recognition of this
15  need, courts in this district have approved the provision requiring
16  defense counsel to be present when defendant or defense witnesses
17  review protected information.  <u>See, e.g.</u>, <u>United States v. Ortiz</u>,
18  2:22-cr-00401-MCS, Dkt. 41 (C. D. Cal. Dec. 5, 2022); <u>United States
19  v. Sexton</u>, 2:19-cr-00781-MWF-1, Dkt. 43 (C.D. Cal. Jan. 15, 2020);
20  <u>United States v. Monteagudo</u>, 2:19-cr-00690-ODW-2, Dkt. 30 (C.D. Cal.
21  Feb. 12, 2020).

22         Moreover, as counsel of record, defense counsel is responsible
23  for ensuring compliance with a protective order, is presumably the
24  person on the defense team who would be most familiar with the orders
25  terms and requirements, and is the person who will ultimately have to
26  answer to the Court in the event of a violation.  Thus, it is vital
27  for defense counsel to be present when the most sensitive of
28  materials -- CI Materials that have the potential to reveal a CI's

identity -- are viewed by defendant or other defense witnesses.  Any minimal burden this condition may impose on defense counsel is warranted by the significant countervailing concerns for safety.

Accordingly, the United States requests that the Court overrule counsel's objections to paragraph 6(;).

### D. Witnesses or Potential Witnesses Should Have to Agree "In Writing" to Be Bound by the Protective Order (¶ 6(l))

Defense counsel objects to the provision in Paragraph 6(l) of the Proposed Protective Order requiring that witnesses agree "in writing" to be bound by the terms of the protective order before viewing any protected discovery.  (Proposed Protective Order ¶ 6(l).) The purposes of this "in writing" requirement are to impress upon witnesses the importance of safeguarding protected information and to ensure there is a binding written record of all individuals subject to the protective order.  Should the government ever need to enforce the Proposed Protective Order or determine how an unauthorized individual came to possess protected information, it can do so based on that record.

In lieu of the "in writing" protection, defense counsel may propose that a member of the defense team would verbally communicate the terms of the Proposed Protective Order to a potential witness, who would then verbally agree to be bound by its requirements, and that defense counsel would maintain a list containing the names of persons who agreed orally to be bound by the Proposed Protective Order.

Absent the protections of the "in-writing" requirement, however, the Proposed Protective Order will do little to prevent the unauthorized dissemination of the CI's identifying information or

other Confidential Information.  Any member of the Defense Team could show protected information to potential witnesses -- who could be associates or co-conspirators -- subject only to an unspecified verbal explanation of the confidentiality requirements.  That explanation may vary across members of the Defense Team and depend on the circumstance or timing of the witness contact, or it may be forgotten entirely.  Under such circumstances, witnesses may fail to grasp the importance of safeguarding protected information. Moreover, it would be virtually impossible to enforce the Proposed Protective Order or prevent further dissemination due to the lack of an adequate written record.  Any potential witness could claim that certain provisions were not conveyed in the oral advisement, or that they did not receive the advisement at all, and there would be no written record to contradict their claims.  It is therefore critical that witnesses personally read and acknowledge the full terms of the Proposed Protective Order.

Moreover, the in-writing requirement would not present any hardship to defense counsel's investigation of the case.  The in-writing requirement is narrowly tailored and imposes no obligations on witnesses other than to simply agree in writing not to divulge sensitive information to others.  The significant countervailing interest in ensuring the confidential informant's safety and privacy far outweighs the minimal burden, if any, this provision might place on witnesses, defense counsel, and/or defendant.  See, e.g., United States v. Hovhannisyan, CR 19-411-GW (C.D. Cal. Feb. 28, 2020),  Dkt. 22 at 2, ("[M]ost persons would understand that, in order to be shown another individual's private financial information, the person would have to agree in writing not to use or disclose that information to

anyone outside of the lawsuit.").  Because it is imperative that witnesses be shown the entire protective order and read each of its terms, taking a few moments to obtain a witness's signature -- which does not take much more effort than recording a witness's oral assent -- is a reasonable and justifiable measure to mitigate the safety risks associated with disclosing CI and PII materials.

Recognizing the importance of the in-writing requirement, this Court, like others in this district, has routinely approved protective orders with the in-writing requirement over defense objection.  See, e.g., Vo, 8:24-cr-00075-DOC, Dkt. 52 (C.D. Cal. Nov. 6, 2024) (approving "in writing" requirement over defendant's objections); Hicks, 8:20-cr-00140-VAP, Dkt. 60 (C.D. Cal. Sept. 14, 2021) (same); United States v. Moises Carrillo-Marquez, 2:24-cr-00449-MCS (C.D. Cal. Sept. 19, 2024) (same).  Accordingly, the Court should overrule defendant's objection, follow the weight of authority in this district, and enter a protective order requiring witnesses or potential witnesses to agree in writing to be bound by its terms.

### E.    At the Conclusion of Appellate and Post-Conviction Proceedings, Defense Counsel Should Return or Destroy CI Materials (¶ 6(r))

Defense counsel has also objected to the Proposed Protective Order's Requirement that "[w]ithin 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed."  Proposed Protective Order, Paragraph 6(r), (s).

The requirement that CI Materials be returned or destroyed is consistently requested by the government and granted by courts in this district.  See, e.g., United States v. Gottfried , 2:24-cr-00308-JLS,

1  Dkt. 29 (C.D. Cal. Sept. 6, 2024); United States v. Sumber, 2:24-cr-

2  00419-WLH, Dkt. 24 (C.D. Cal. Aug. 12, 2024); United States v. Valencia,

3  2:24-cr-00118-JFW, Dkt. 41 (C.D. Cal. Apr. 4, 2024); United States v.

4  Alvarado, 2:20-cr-00155-JFW, Dkt. 71 (C.D. Cal. Mar. 14, 2022); United

5  States v. Hurtado Olivares, 2:22-cr-00248-ODW, Dkt. 43 (C.D. Cal. July

6  21, 2022); United States v. Torres, 2:21-cr-00294-GW, Dkt. 47 (C.D. Cal.

7  Aug. 30, 2021).

8       The rationale behind this prohibition is simple: avoiding an

9  unnecessary risk that CI Materials will be stolen or inadvertently

10 disseminated, the CI's identity exposed, and his or her safety

11 threatened.  As detailed above, this is not an imagined risk.

12 Allowing CI Materials to exist in the Defense Team's possession

13 indefinitely, even after all relevant proceedings have ended, would

14 prolong and compound that risk, possibly forever.

15      It is not clear what burden or hindrance this provision would put

16 on defense counsel.  By its terms, this provision only applies at the

17 conclusion of appellate and post-conviction proceedings, at which point

18 defense counsel and Defendant would have no need for the CI Materials.

19 Nor has defense counsel identified any ethical obligations to defendant

20 this provision would violate, given that it only applies after the

21 conclusion of appellate and post-conviction proceedings.  Additionally,

22 the provision would only apply to CI Materials, which are the most

23 sensitive materials in the case and provide a serious concrete threat to

24 the safety of CIs, while PII Materials may be kept pursuant to the

25 California Business and Professions Code and the California Rules of

26 Professional Conduct.  See Proposed Protective Order, Paragraph 6(r).

27 Accordingly, the Court should also overrule this objection.

28

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's <u>ex parte</u> application and enter the Proposed Protective Order attached hereto.

1

## DECLARATION OF DAVID C. LACHMAN

2      I, DAVID C. LACHMAN, declare as follows:

3      1.    I am an Assistant United States Attorney in the United

4 States Attorney's Office for the Central District of California.  I

5 am assigned to represent the government in this case.

6      2.    I have already produced certain key documents in discovery

7 to defense counsel totaling 3,745 pages, including photographs of the

8 crime scene and gathered evidence, audio recording of defendant,

9 documents relating to defendant's criminal history and arrest, law

10 enforcement reports, search warrants, and cell site and GPS tracker

11 records.

12      3.    I am also in possession of certain categories of sensitive

13 discovery materials, including  video and audio recordings involving

14 confidential informants, messages involving confidential informants,

15 and reports detailing the actions of confidential informants.

16      4.    On July 7, 2025, I emailed Deputy Federal Public Defender

17 Rebecca Harris a draft protective order.

18      5.    On July 7, 2025, Ms. Harris responded, st//ating that

19 while she did not object to the government's request for a protective

20 order generally in this case, she objected to paragraphs 6(c), 6(e),

21 6(l), and 6(r) of the Proposed Protective Order.

22      6.    I informed Ms. Harris that I intended to file an <u>ex parte</u>

23 application to enter a proposed protective order consistent with the

24 terms proposed by the government.  She requested 48 hours to oppose

25 the government's anticipated <u>ex parte</u> application.

26      8.    The government and defense counsel have reached an impasse

27 on these provisions of the Proposed Protective Order.  As a result, I

28 respectfully apply <u>ex parte</u> for this protective order to ensure that

defense counsel has adequate time to review the protected material in this case before trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, July 19, 2025.

_____/s/_____
DAVID C. LACHMAN